Opinion of the court delivered by
Judge Wliyfc.
This was an action of assumpsit brought by the pliiintiffin error, Terrell against the defendant in error, Murray, in the county court of Hardeman county. The declaration contained two counts; the first for money had and received, and the second for goods wares and merchandise, and also a large quantity of corn and fodder, to him the defendant, before that time sold and delivered at his special instance and request, &c. The defendant pleaded to this declaration, non assumpsit and the statute of limitations; upon which picas issues were joined, and verdict and judgment rendered for the plaintiff. From this judgment an appeal was taken to the circuit court of Harde-man county, where the cause was tried, and a verdict rendered for the defendant, and judgment thereon, and an appeal in error taken to this court. By a bill of exceptions taken upon the trial in the circuit court, it appeared the suit was brought for the rent and pros cods thereof, of a field or tract of land, entered in the name of, and granted to John Terrell, the plaintiff; which rent or its proceeds was charged to have been received by the defendant. It was proved that one Alexander had entered into articles of agreement with the plaintiff, Terrell, to locate a large number of land warrants in the Western District, for a fourth, for locating. That Alexander had employed the defendant Murray, to as *385 sist him in making locations without any express consent of plaintiff. That the above tract was located under the agreement by the defendant and said Alexander. That there was a field cleared on the said tract at the time it was located, which field the defendant, Murray, rented Out and received the rent and the proceeds thereof, and the lease is made a part of the bill of exceptions, as follows: ‘‘This is to certify, that I, John Murray, have this day rented the improvements made by Berry Chambers and his father, in the northwest corner of a 640 'acre tract of land,- entered in the name of John Terrell, in (he 10th district, 2d section, 1st range, from this dale to the 1st day of November next, unto Elisha W. Boyte and Thomas Boyte, at which time said Boyte is to give peaceable possession of all the improvements, except what is planted in cotton, and that, on the first day of January, 1826; and the house and farm in as good repair as they now are in. Given under my hand, this 6th day of January, 1825. John Murray, for himself, and agent in fact for John Terrell.”
It was in proof, that the plaintiff had settled on one of his locations, and that he had made a deed to Alexander and the defendant, of one or two tracis in Weakly county, and one somewhere else, of the land located under the agreement with Alexander; and that since the .field was rented, a division of the land had taken place, and b3 agreement the whole of the tract whereon the field was, was deeded to Alexander, in exchange for his locative interest in several other tracts. It was in proof that the whole of the rents and profits of the improved lands, went to him to whom the lands fell on the division, but no special agreement in the present case was proved.
The court charged the jury, that if the defendant was acknowledged by the plaintiff to be locator of the tract of land of which the rent was received, or had an interest therein, the action could not be maintained; but an action of account orbill in equity must be resorted to,and thatoneper-son could not maintain an action at law against any person who had received the. rents of a field or a tract ofland,: *386 where the locative interest had not been laid off, withoift joining the locator as co-plaintiff; that they were considered partners in law, and should therefore join in a suit» and the defendant could take advantage of the misjoin-der under the general plea of non assumpsit.
The errors assigned, are taken to the charge of the circuit court to the jury. This charge, taken as a direction to the finding of the jury upon the whole of the facts of the case, as stated in the bill of exceptions, (ad-mitling no question as to the existence of those facts, or-the truth of them, and indeed they are not questioned by any thing appearing in the record,) this charge, 1 say, is in this view correct. It is in substance, that allowing the facts of the case to be as-stated, the plaintiff cannot support an action at law for the rent claimed by him. But while this result is admitted, yet the premises advanced in the charge upon which it is predicated, are considered not to be correct, or to warrant the conclusion deduced from them in favor of the defendant.
The first position of the judge in his charge, is an assumption, that a locator has the same right and interest, pro tanio, in an entry, as the enterer, or party in whose name the entry is made, and that this right and interest is of the same nature as that of the enterer; and therefore, if the defendant is the locator of the tract comprehending the field, the plaintiff’s action cannot be supported, because he is a partner with the defendant.
It is to be recollected, that the present suit is an action at law; the right therefore to be supported, or the injury to be redressed, must be such as a court of law can take notice of. Having this principle in our view, let us examine the rights of the enterer and locator in law. By the decisions of this State, an entry to some purposes is considered as giving a legal right, and to some purposes, an equitable right to the land; and according to this alternate view, is its operation at law or in equity. As a subject of taxation, it is a legal right, and may be sold by execution for the payment of the tax *387 es assessed thereon. It is also considered a legal right for the purpose of satisfying the creditor’s executions gene rally; and in those suits where the mere right of the freehold comes in question, it has the operation of a legal right, and confers preference and superiority to the grant which follows and is attached to it, over the elder grant that depends upon a younger entry. In this last case, it constitutes a purely legal title, and legal evidence as such in a court of law. These are instances in which the legal operation of an entry is general. An entry is also, by the decisions of this State, considered an equitable interest, and as such treated in our courts of equitable jurisdiction, which entertain bills of relief founded thereon, to compel a transfer of the legal title.
It may therefore be said, that entry before grant, is considered at law as an inchoate legal right generally, and after grant is only evidence of legal title, in the case of older entry and younger grant, contending with younger entry and older grant. But no case has come forward for decision, showing how far, in an action at law, stricti juris, when the seizin must be proved by documentary evidence of the transfer of the State’s right, that an entry is considered as giving this seizin to the enterer» The emanation of a grant gives this seizin to the grantee; but as to an entry, the present case does not require an opinion on this point, as will be presently shown. But supposing the enterer upon his entry alone, independent of contract between him and the possessor of the profits, could support the present action, being an action at law, it by no means follows, pursuant to the in-tendment of the charge, that the locator has an equal right. Where is his evidence oflegal title or right? The enterer has the record of the entry, and as far as a legal right is shown and proved thereby, it is a sole and separate right vested in the enterer. The locator is in the back ground; if he has any interest, it does not appear in a court of law by the terms of the entry, and therefore his right, whatever it is, must be dependent on a special *388 contract between the parties, the enterer locator, express or implied. But supposing the locator |0 i-,.lVC an equitable interest in the entry, and equitably entitled to a share in the land located by him by virtue of the act of location, and this is (he utmost possible extent of his interest, the present suit being an action at law, the interest could not be noticed or given in evidence; and therefore on this ground, the plaintiff’s claim for rent could be resisted by the defendant.
The judge, pursuing the idea, that the interest of the locator partakes of the sameness of that of the enterer, considers them as partners. To constitute a partnership, there must be a communion of profits and a communion of loss between the members of the partnership. Whether the case upon the bill of exceptions would go this far, may be questionable.
But the ground upon which the court decides this case is, the express contract between the parlies, evidenced by the lease to the Messrs Boytcs. This lease made, signed and executed by the defendant, as agent for the plaintiff, and for himself in in his own right, admits the equal rights of the plaintiff. The receipt of the rent and proceeds thereof by the defendant, appears in the bill of exceptions. The bringing of the action by the plaintiff, acknowledges some legal contract, and (he legal effect of the contract proved in the case is, the making the plaintiff and defendant tenants in common, not partners. The lease shows a contract between the Messrs Boytes of the one part, and the plaintiff and defendant of the other part; the former as lessees, the latter as their lessors. This contract created a legal right on one side to have, and on the other to pay rent; and the general rule is, that in an action on a contract, whether express or implied, whether by parol or under seal, it must be brought in the name of the parties, in whom the legal in? terest in such contrac t is vested. See 1 Chilly’s Plead. 3, and the authorities there referred to.
As before stated, Terrell and Murray are tenants in ¿common, so constituted bv this express contract, and the *389 landlords of the Boyles. One of these tenants in common, Murray, has received the rent and proceeds thereof, as stated in the record, and this action is brought by the other to recover his share: can it be supported? In the same book, it is laid down, page '¿5, that at law, one partner or tenant in common cannot in general sue his partner or co-tenant, in any action in form ex contractu, but must proceed by action of account, or by bill in equity. See the cases cited, ubi supra, in notes (c) and (d). The bill of exceptions states the rent and proceeds thereof, were received by Murray, the co-tenant. Suppose suqh proceeds to have been corn, fodder or other chattels, in Viéu of a money rent, or in part of such rent, the same law applies: for after this corn and fodder had been set apart for the discharge of the rent pro tanto, trespass could not have been supported agaii.st the co-tenant for taking it away and keeping it, and holding it exclusively from his .co-tenant, because each has an interest in the whole, and a right to dispose thereof. Same book, 170, note (6), where the authorities will be found. The nearest case that I have found, having any, though a distant analogy to the present, of a recovery by one tenant in common of his moiety of rent, the whole of which had vbcen .received by his co-tenant, is the case of Harrison vs. Burnsley, (5 Term Rep. 246. That was an action of replevin. There the terre-tenant, or lessee of the two tenants in common, his landlords, had received notice from one of them not to pay his moiety of the rent to the other tenant in common, which however the lessee did, in despite of the notice he had so received. The court adjudged the payment after such notice, was of his own •wrong, and he was compelled to pay it over again. But that is very different from the case of an action by one tenant in common against his co-tenant in common, of •which no instance is found.
This cause has been rightfully disposed of in the circuit court, under the charge of the judge; which charge, although erroneous in the particulars herein noticed and observed upon, yet was followed by acorrecfc *390 conclusion, to the formation of which they.only served as reasons for his judgment. And the law of a revising court, examining the judgment of an inferior tribunal, is, that where the judgment is right, it will not be reversed because wrong reasons are given for rendering it. See the case of Young & Co. vs. Suren, on appeal from the Court of Session in Scotland, to the House of Lords in England, (4 vol. Dow’s Reports, 138. This court affirms the judgment of the circuit court.
Judgmcntaffirmed,